IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XU'E CHEN,<br>        Plaintiff,<br><br>v.<br><br>UKEETAP LIMITED,<br>        Defendant. | Civil Action No.: 25-cv-14874<br><br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff Xu'e Chen ("Plaintiff"), by and through undersigned counsel, brings this action against Ukeetap Limited ("Defendant") for violations of Plaintiff's federal intellectual property rights.

## INTRODUCTION

1. Plaintiff brings this action to enjoin Defendant's unlawful advertising, offering for sale, and sale of products that infringe Plaintiff's patented design. Defendant markets and sells the Accused Product through an online storefront directed to U.S. consumers.

2. Defendant has used its online storefront and its foreign location to infringe with little apparent risk of accountability. Plaintiff files this lawsuit to enforce its design patent rights, prevent consumer confusion, and protect its market position. Plaintiff has suffered, and continues to suffer, irreparable harm from the Defendant's conduct and seeks both injunctive and monetary relief.

**THE PARTIES**

3. Plaintiff Xu'e Chen is a Chinese individual residing at No. 12, Liuheng Alley, Xizhaihou, Bomei, Xilu Town, Chaoyang District, Shantou, Guangdong, China. Plaintiff is the owner of the patent asserted in this action.

4. Plaintiff owns all right, title, and interest in United States Design Patent No. D1,081,246 S (the "'246 Patent"). A true and correct copy of the '246 Patent is attached hereto as Exhibit A.

5. The '246 Patent issued on July 1, 2025. *See* Exhibit A.

6. The '246 Patent has been, and remains, valid and enforceable at all relevant times. Under 35 U.S.C. § 282, the '246 Patent is entitled to a presumption of validity.

7. The '246 Patent claims a new, original, and ornamental design for a meat grinder.

8. Plaintiff sells products embodying the '246 Patent ("Plaintiff's Products") directly to consumers through multiple Amazon storefronts that it controls. These storefronts have invested significant funds and effort to promote and sell the patented meat grinder. On information and belief, one of Plaintiff's Amazon stores has spent more than two million U.S. dollars on advertising for these products.

9. Representative examples of Plaintiff's Products are shown in the table below:



Figure 1

Figure 2

Figure 3

10. Plaintiff provides notice of its patent rights by marking the product packaging for units sold through online marketplaces with the '246 Patent number, and some marked units may still be in transit within the distribution chain to fulfillment centers and end consumers.

11. On information and belief, Defendant operates an Amazon storefront under the seller name "UKEETAP LIMITED" through which it markets and sells the Accused Product. The limited public information about this storefront makes it difficult for Plaintiff to assess the full scope of Defendant's infringing conduct. Plaintiff will amend this Complaint as appropriate if

additional seller accounts or identifying information become available.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiff's claims under the Patent Act, 35 U.S.C. § 1 et seq.; 28 U.S.C. § 1338(a)–(b), which provides exclusive jurisdiction over patent claims; and 28 U.S.C. § 1331, which provides federal question jurisdiction.

13. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred here, and because Defendant is a foreign party who may be sued in any judicial district. This Court may exercise personal jurisdiction over the Defendant because the Defendant has purposefully directed business activities toward the United States, including Illinois, by operating a fully interactive e-commerce store under the seller name UKEETAP LIMITED. This online store is accessible to Illinois residents and displays, advertises, and offers for sale products that infringe Plaintiff's patent.

14. Specifically, the Defendant has targeted Illinois residents by operating an e-commerce store that is accessible to U.S. consumers, offers shipping to Illinois, accepts payment in U.S. dollars, and, on information and belief, has sold the Accused Product to consumers in this District. The Defendant is committing tortious acts within Illinois, engaging in interstate commerce, and causing substantial harm to Plaintiff in this State.

## DEFENDANT'S UNLAWFUL CONDUCT

15. The success of Plaintiff's Products has led to significant infringement of the '246 Patent. In response, Plaintiff implemented an anti-infringement program to investigate suspicious websites and online marketplace listings identified through proactive internet sweeps. Through this process, Plaintiff identified Defendant's Amazon storefront as offering the Accused Product that infringes Plaintiff's design patent rights. True and correct screenshots of the infringing e-

4

commerce store are attached hereto as Exhibit B, and side-by-side comparisons of selected figures from the '246 Patent and images of the Accused Product offered on Defendant's UKEETAP listing are attached as Exhibit D.

16. Defendant targets consumers in this District and throughout the United States through its online storefront. On information and belief, the limited identifying information associated with Defendant's sales operations has made it difficult for Plaintiff to determine the full scope of Defendant's infringing conduct.[1] As a result, Defendant has been able to continue distributing infringing goods into the United States and cause continuing harm to Plaintiff.

17. Defendant's use of an online marketplace storefront and its foreign location have hindered Plaintiff's ability to promptly identify the full scope of Defendant's infringing conduct and obtain voluntary cessation. As a result, judicial intervention is necessary to protect Plaintiff's patent rights and prevent continuing harm.

18. The Defendant has targeted Illinois residents by operating an e-commerce store that is expressly directed at U.S. consumers. This store offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and, on information and belief, sells and offers for sale Accused Product to consumers in this District.

19. To confirm the Defendant's conduct and their targeting of the U.S. market, Plaintiff conducted test purchases from the Defendant's e-commerce storefront. The purchased products were shipped into the United States, including into this District, and appear materially indistinguishable from the design claimed in the '246 Patent. These transactions show that Defendant is actively marketing and selling such products to U.S. consumers. True and correct

---

[1] See *The Counterfeit Silk Road: Impact of Counterfeit Consumer Products Smuggled Into the United States*, John Dunham & Assoc., prepared for The Buy Safe America Coalition; Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186–87 (2020); U.S. Dep't of Homeland Sec., *Combating Trafficking in Counterfeit and Pirated Goods* (Jan. 24, 2020), at 22, 39.

copies of the related order confirmations pages are attached as Exhibit C.

20. The Defendant further benefits from overlapping advertising and marketing tactics. The Defendant's e-commerce store is designed to appear to consumers as legitimate retailers, outlet shops, or wholesalers. This store presents as professional and offers multiple U.S. facing payment methods, including credit cards, Alipay, Amazon Pay, and PayPal. Defendant often uses product images, descriptions, and layouts that create the false impression of authorization by, or affiliation with, Plaintiff. Plaintiff has not authorized the Defendant to use the '246 Patent or to sell any of Plaintiff's Products.

21. On information and belief, the limited public information associated with Defendant's storefront has made it difficult for Plaintiff to determine the full scope of Defendant's operations, including the extent of Defendant's infringing sales activity.

22. On information and belief, Defendant has the ability to rapidly alter or transfer its online sales operations and related payment arrangements once notified of enforcement activity, thereby creating a risk that infringing sales proceeds could be dissipated absent timely judicial relief.

23. Without authorization or license from Plaintiff, Defendant has promoted and sold products that appear materially indistinguishable from the design claimed in the '246 Patent, using similar product listings, storefront layouts, and online sales practices. Recent test purchases confirm that such conduct is ongoing. See Ex. C.

24. Defendant's unauthorized manufacture, use, offers for sale, sales, and imports of products incorporating the patented ornamental design claimed in the '246 Patent have caused, and continue to cause, irreparable harm to Plaintiff, including erosion of patent rights, loss of market share, and damage to Plaintiff's goodwill. On information and belief, third party data

analytics tools estimate that Defendant's infringing sales total approximately USD $800,000 in a single month. Plaintiff's internal sales records for one of its strongest performing U.S. listings, ASIN B0CJN9PG3Y, which embodies the patented design, show significant year over year declines in U.S. order volume during the same period. Specifically, U.S. orders for ASIN B0CJN9PG3Y fell by approximately 24 percent in September 2025, 43 percent in October 2025, and 22 percent in November 2025, compared with the same months in 2024. Representative excerpts of Plaintiff's internal sales summaries corroborating these allegations are attached as Exhibit E. These correlated patterns between Defendant's surge in infringing sales and Plaintiff's decline in sales of a leading patented listing further underscore the direct and ongoing harm caused by Defendant's unlawful conduct. Plaintiff reserves the right to amend or supplement these allegations if Amazon later provides precise sales data reflecting the full scope of Defendant's infringing activity.

25. Defendant has offered for sale and sold the Accused Product on Amazon under, at minimum, the ASINs identified in Exhibit F.

## COUNT I
## PATENT INFRINGEMENT OF THE '246 Patent (35 U.S.C. § 271)

26. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 24 as if fully set forth herein.

27. Plaintiff avers that the products sold by Defendant incorporate the ornamental design claimed in the '246 Patent and therefore infringe that patent. As shown in the side-by-side image comparisons in Exhibit D, the overall visual appearance and key ornamental features of the Accused Product are materially indistinguishable from the design claimed in the '246 Patent. See Exhibits B and D.

28. Plaintiff avers that Defendant offers for sale, sells, and imports into the United

States products that directly and indirectly infringe the ornamental design claimed in the '246 Patent.

29. Plaintiff avers that, as a direct and proximate result of Defendant's infringement, it has suffered and continues to suffer irreparable harm, as well as monetary and other damages in an amount to be proven at trial.

30. Plaintiff further avers that Defendant's acts of offering for sale, selling, and importing products that incorporate the patented design into the United States, including Illinois, have interfered with Plaintiff's exclusive rights under the Patent Act. This conduct has caused a loss of market share, impaired Plaintiff's ability to control the use of its patented design, and diminished Plaintiff's goodwill.

31. Plaintiff avers that Defendant's infringement has been, and continues to be, willful. Plaintiff is therefore entitled to enhanced damages under 35 U.S.C. § 284. Plaintiff further avers that this case is exceptional within the meaning of 35 U.S.C. § 285 and that it is entitled to recover its reasonable attorneys' fees and costs.

32. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283. Without preliminary and permanent injunctive relief, Defendant's infringement will continue, causing Plaintiff irreparable harm, including loss of market share, damage to goodwill, and erosion of its exclusive patent rights. As shown in Ex. C, the Defendant is actively offering and selling products embodying Plaintiff's patented design in this District, underscoring the need for immediate relief.

33. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty for the use made of the patented design, together with interest and costs as fixed by the Court. Plaintiff's preliminary analytics and sales data, summarized in Exhibit E, demonstrate that Defendant's infringement has

already displaced substantial lawful sales and will continue to do so absent relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling, and importing into the United States for sale or use any products that infringe U.S. Patent No. D1,081,246 S; and

   b. Aiding, abetting, contributing to, or otherwise assisting any person or entity in infringing U.S. Patent No. D1,081,246 S.

2) That, upon Plaintiff's request, all persons and entities with notice of the injunction, including without limitation Amazon, be ordered to disable and cease displaying any advertisements, listings, or links associated with Defendant in connection with goods that infringe U.S. Patent No. D1,081,246 S.

3) That judgment be entered in favor of Plaintiff and against the Defendant finding that the Defendant has infringed U.S. Patent No. D1,081,246 S.

4) That Plaintiff be awarded damages in an amount to be determined at trial, including the Defendant's profits pursuant to 35 U.S.C. § 289 and any additional monetary relief available under 35 U.S.C. § 284, together with pre- and post-judgment interest and costs.

5) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for the Defendant's willful infringement.

6) That the Court find this case exceptional under 35 U.S.C. § 285 and award Plaintiff

its reasonable attorneys' fees and costs.

7) That the Court award Plaintiff such other and further relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 15, 2025                              Respectfully Submitted,

<pre>                                   /s/ Alexander Warden
                                   Alexander.warden@walflaw.com
                                   West Atlantic Law Firm, PLLC
                                   104 West 40th Street, 4th and 5th Floor
                                   New York, NY 10018
                                   *Attorney for Plaintiff,
                                   Xu'e Chen*</pre>

## VERIFICATION

I, Xu'e Chen, am the Plaintiff. I have read the foregoing Complaint and know the contents thereof. The matters stated in it are true to my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 11, 2025, at Shantou, China.

*Xu'e Chen*
Plaintiff Xu'e Chen